LEWIS S. DOLMAN v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF SHAWNEE.

No. 754.  (61 Pac. 312.)

FEES AND SALARIES—*Probate Judge.* That part of section 2 of chap-
ter 165, Laws of 1887 (Gen. Stat. 1897, ch. 101, § 17; Gen. Stat.
1899, § 2399), which provides for a salary for the probate judge of
fifteen dollars per annum for each 1000 inhabitants in such county,
was repealed by chapter 131, Laws of 1897 (Gen. Stat. 1897, ch.
30, § 29; Gen. Stat. 1899, § 2906).

Error from Shawnee district court; Z. T. HAZEN,
judge.   Opinion filed June 6, 1900.   Affirmed.

*Garver & Larimer*, for plaintiff in error.

*Jetmore & Jetmore*, and *W. E. Fagan*, for defendant
in error.

The opinion of the court was delivered by

WELLS, J.: The plaintiff in error, who was also the
plaintiff in the district court, brought this action to
recover the sum of $758.73 as salary for services ren-
dered under the prohibitory liquor law as probate
judge, during the year 1898, under the provisions of
section 17 of chapter 101, General Statutes of 1897.
The defendant denied liability therefor, for the al-
leged reason that the statute under which the claim
was made was repealed by chapter 131, Laws of 1897.
This is the only question in the case.

At the November, 1880, election the so-called pro-
hibitory amendment to the constitution of the state
was adopted, and, to make the amendment effective,
the legislature of 1881 passed "An act to prohibit the
manufacture and sale of intoxicating liquors except
for medical, scientific and mechanical purposes, and
to regulate the manufacture and sale thereof for such

excepted purposes." This act, as was said by the supreme court in *Intoxicating Liquor Cases*, 25 Kan. 760, cast upon the probate judge the duties of a "commissioner of licenses," and made provision for his compensation for the duties performed thereunder by fees to be paid by the parties requiring his services.

This act was amended and supplemented by chapter 165, Laws of 1887, which provided for the collection of certain fees for services thereunder, and that the same should be turned over to the county, and then provided :

"The probate judge shall receive no fees for his services under this act, except a salary of fifteen dollars per annum for each one thousand inhabitants in such county, the number to be determined by the last annual census return of such county, but in no case shall such salary exceed the sum of $1000 per annum, to be paid by the county commissioners as other salaries."

This is the provision of law under which the plaintiff in error claims, while the defendant in error contends that chapter 131, Laws of 1897, repeals it.

Section 1 of chapter 131, Laws of 1897 (Gen. Stat. 1897, ch. 30, § 29 ; Gen. Stat. 1899, § 2906), reads : "The officers and persons herein mentioned shall be entitled to receive for their services the fees and compensation herein allowed, and no other, except as may be otherwise provided by law."

The provisions of section 12 (Gen. Stat. 1899, § 2917), so far as they have any bearing on the issues herein, are as follows :

"The probate judge of each county shall receive for his services the following fees :" (Here follows a list of items of services and the fees allowed therefor.) "For any other services required by law, the same fees as are prescribed for the clerk of the district court

for like services. . . . In addition to the fees herein provided, the probate judge shall be entitled to receive such fees as are or may be provided by law for such services under the prohibitory laws; provided further, that the probate judge in counties having the following population may retain all fees collected, as hereinafter specified: . . . In counties having a population of more than 45,000, $2500 per annum, and if, in any year the fees collected shall be more than the sums above specified in their respective counties, the said probate judge shall pay to the county treasurer of their respective counties one-half of such excess, when collected, taking duplicate receipts therefor, one of which they shall file with the county clerk, and such money shall become part of the general fund of the county.''

Section 23 (Gen. Stat. 1899, § 2928), reads as follows: ''All acts and parts of acts heretofore passed, general or special, and now in force, that conflict with the provisions of this act are hereby repealed.'' To summarize the legislation upon this subject, we may say: In 1881 additional duties were assigned to the probate judge, and his compensation therefor was to be made by fees, to be paid by the parties requiring his services; in 1887 the fees were to be turned over to the county, and the probate judge was to receive a salary for the services under the prohibitory law; in 1897 the probate judge was allowed to retain all fees collected, including such as are or may be provided by law for services under the prohibitory laws, up to $2500, and one-half the amount over said sum.

It seems clear to us that the intention of the legislature by the act of 1897 was to make the office of probate judge a fee office exclusively, as with it was coupled a provision that one-half the excess over a specified sum should go to the general fund of the county.

The judgment of the district court is affirmed.